UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

YAMIL WALKER and MICHAEL
FARRELL, individually,

    Plaintiffs,

vs.

WHOLESALE MARINE SPECIALIST,
INC. D/B/A PALM CITY YACHTS, a
Florida corporation, and
and F. CRAIG CLEMENTS, an
individual,

    Defendants.

_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DAMAGES

Plaintiffs, YAMIL WALKER (hereinafter "Walker") and MICHAEL FARRELL (hereinafter "Farrell"), by and through their undersigned attorney, file this, their Complaint for Damages against Defendants, WHOLESALE MARINE SPECIALIST, INC. D/B/A PALM CITY YACHTS (hereinafter "Palm City Yachts") and F. CRAIG CLEMENTS (hereinafter "Clements"), and upon information and belief state:

### INTRODUCTION

1. This is an action to recover unpaid overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

### JURISDICTION

2. This action arises under the FLSA.

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331. At all times pertinent to this Complaint, the Defendant's enterprise, engaged in interstate commerce. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

4. The Defendant Palm City Yachts has two or more employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

5. Defendant Palm City Yachts' business consists of a boat dealership and the provision of parts, repairs and repowering services. Defendant's business sold, repaired and repowered boats which moved between Florida and other states and between Florida and countries outside the state of Florida.

6. Upon information and belief, the Defendant Palm City Yachts has the requisite $500,000 in annual gross volume of sales made or business done for each year of liability.

7. This Court has jurisdiction over the parties and the subject matter of this litigation.

8. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

9. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida

LAW OFFICE OF ROSE H. ROBBINS
2255 Glades Rd., #324A ● Boca Raton, FL 33431 ● Phone (954) 946-8130● Fax (954) 301-2200

2

**VENUE**

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that many of the acts and transactions giving rise to this action occurred in this District because:

    a.    The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida, and

    b.    Defendant Palm City Yachts was and continues to be a company doing business within this judicial circuit.

**PARTIES AND FACTS**

11. At all times material hereto, Plaintiff Yamil Walker, was and continues to be a resident of Palm Beach County, Florida, and was an employee within the meaning of the FLSA.

12. At all times material hereto, Plaintiff Michael Farrell, was and continues to be a resident of Palm Beach County, Florida, and was an employee within the meaning of the FLSA.

13. At all times material hereto, Defendant Palm City Yachts was conducting business in Palm Beach County, Florida, with its principal place of business in Stuart, Florida.

14. At all times material thereto, Defendant Clements, was involved in the day-to-day operation of the Defendant company, and/or supervised the work of the Plaintiffs.

15. At all times material hereto, Defendant Clements, made decisions directly involving the hours worked and/or compensation paid to the Plaintiffs.

16. Defendant Palm City Yachts is a Florida corporation.

17. At all times material hereto, the Defendants Palm City Yachts and Clements were the employers of Plaintiffs Walker and Farrell.

18. At all times material hereto, Defendants Palm City Yachts and Clements were and continues to be "employers" within the meaning of the FLSA.

19. At all times material hereto, Defendants Palm City Yachts and Clements knowingly and willfully failed to pay Plaintiffs their lawfully earned wages in conformance with the FLSA.

20. The Defendants Palm City Yachts and Clements committed an unlawful violation of the FLSA and, therefore, are liable for monetary damages.

21. At all times material hereto, Defendant Palm City Yachts was and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

22. At all times material hereto, the work performed by Plaintiffs was directly essential to the business run by Defendant Palm City Yachts and Clements.

23. Plaintiffs Walker and Farrell have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

24. From or about August 2012 until February 2017 Plaintiff Walker was employed by the Defendants as a boat technician.

25. Plaintiff Walker was paid an hourly wage between $17 and $20 per hour.

26. During the time that Plaintiff Walker worked, he worked over 40 hours per week for some of those weeks for which he was not paid overtime.

27. From or about January 15, 2016 until October 15, 2016, Plaintiff Farrell was employed by the Defendants as a boat technician.

28. Plaintiff Farrell was paid an hourly wage between $18 and $19 per hour.

29. During the time that Plaintiff Farrell worked, he worked over 40 hours per week for some of those weeks for which he was not paid overtime.

30. Records concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendants. Plaintiffs Walker and Farrell intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, they will then seek leave of Court to amend their Complaint for Damages to set forth the precise amount due them.

31. Plaintiffs have retained the Law Office of Rose H. Robbins, J.D. to represent them in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME) AGAINST DEFENDANTS PALM CITY YACHTS AND F. CRAIG CLEMENTS

32. Plaintiffs Walker and Farrell, repeat and reallege Paragraphs 1 through 31 as if fully set forth herein.

33. During Plaintiffs' employment, Plaintiffs worked hours in excess of forty (40) per week for which they were not compensated at the statutory rate of time and one-half for all of his hours.

34. Plaintiffs were entitled to be paid at the rate of time and one-half for all their hours worked in excess of the maximum hours provided for in the FLSA.

35. Defendants paid the Plaintiffs only their regular hourly rate for all the hours in excess of forty (40) hours worked in a workweek.

36. Defendants owe the Plaintiffs their additional half time rate for hours worked in excess of 40 hours in a workweek where they received their regular hourly rate.

37. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

38. As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

39. Defendants willfully violated the FLSA by deliberately failing to pay overtime.

40. Due to the unlawful acts of the Defendants, Plaintiffs Walker and Farrell have suffered damages of unpaid overtime wages, plus an equal amount as liquidated damages.

41. Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs Yamil Walker and Michael Farrell respectfully request that judgment be entered in their favor against the Defendants,:

    a.    Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

    b.    Awarding Plaintiffs overtime compensation in the amount calculated for 3 years prior to the institution of this lawsuit;

    c.    Awarding Plaintiffs liquidated damages in the amount calculated;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e.  Awarding Plaintiff post-judgment interest; and

f.  Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: April 10, 2017
Boca Raton, Florida

>   Respectfully submitted,
>
>   LAW OFFICE OF ROSE H. ROBBINS, J.D.
>   2255 Glades Road, Suite 324A
>   Boca Raton, FL 33431
>   Phone: (954) 946-8130
>   Fax: (954) 301-2200
>   robbinslawoffice@icloud.com
>   Attorney for Plaintiff
>
>   By: *S/ Rose H. Robbins, J.D.*
>       ROSE H. ROBBINS, J.D.
>       FBN: 694568